IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE FRIEDMAN, #357313        *
        Plaintiff,
   v.                                    *   Civil Action Case No. DKC-09-2320

WARDEN, MARYLAND CORRECTIONAL  *
 INSTITUTION
        Defendant.          *
                                        ***

**MEMORANDUM OPINION**

Andrew Friedman ("Friedman") is a state inmate who on September 2, 2009 filed a letter with the court complaining about his safety at the Maryland Correctional Training Center ("MCTC"). The correspondence was construed as a 42 U.S.C. § 1983 civil rights action for injunctive relief. Friedman alleged that when re-incarcerated on new convictions he had put correctional administrators and staff on notice that during a prior incarceration, gang members and officers at MCTC had caused him harm. Friedman claimed that he was nonetheless reclassified to MCTC and told by an MCTC officer that "he would make my life hard or easy" in MCTC Housing Unit #5. He stated that he is in fear for his life because he has been deliberately placed in "harms (sic) way by putting me in a cell with my enemy." Paper No. 1.

On September 11, 2009, the court ordered the Office of the Maryland Attorney General to file a show cause response to Friedman's allegations. Friedman was ordered to file an amended complaint and the filing fee or to move for indigency status. Paper No. 2.

On October 13, 2009, the show cause response was filed. Paper No. 4. According to the response, Friedman had been transferred from MCTC to the Maryland Correctional Institution in Hagerstown ("MCIH") on or about September 11, 2009. On October 20, 2009, the court issued an order which construed the response as a motion for summary judgment and directed that Friedman be

notified of the recharacterization of the pleading and his entitlement to file opposition materials. Paper No. 6. He was granted an additional period of time to file a responsive pleading. At the time the Order was entered, Friedman had filed neither the court-ordered amended complaint nor an indigency motion.[1]

On November 11, 2009, Friedman filed the court-ordered Amended Complaint and Motion for Leave to Proceed *In Forma Pauperis*, along with a Motion to Appoint Counsel. Paper Nos. 7, 9, & 10. Friedman, who is now confined at the Roxbury Correctional Institution ("RCI"), sues the Wardens of MCTC, MCIH, RCI, and the Maryland Reception Diagnostic and Classification Center ("MRDCC").[2] The forty-page Amended Complaint bears no resemblance to the original letter Complaint. Friedman now claims that he cannot be safely housed at MCTC or anywhere in the Western Region of the Maryland Division of Correction ("DOC"). Paper No. 9. He first provides a detailed daily and weekly chronological history of multiple incidents he experienced at the hands of MCTC administrators and staff in June, July, August, and September of 2009 related to: his prison safety; his inability to obtain a kosher diet and religious materials; his lack of access to cleaning materials on Sundays, instead of the Sabbath; the suspension of his visits; institutional infractions; excessive use of force by correctional officers; anti-Jewish taunts; denial of medical care; and unconstitutional conditions of confinement. *Id*.

---

[1] Friedman did file a letter with the court acknowledging receipt of the order and 42 U.S.C. § 1983 form packet. Paper No. 3. He raised the additional claim that he cannot be housed in any facility in the "western region" of the Maryland Division of Correction. He further complained that he had been placed in an upper bunk despite a seizure disorder and on September 18, 2009, he had a seizure and suffered injuries.

[2] On documents filed within the Amended Complaint packet, however, Friedman lists the names of approximately 45-50 individuals, both medical and state employees. Paper No. 9, pgs. 25 & 39-40.

Friedman next claims that on September 11, 2009, he was transferred to MCIH where he was: denied a kosher diet; placed in a top bunk even though he has experienced grand mal seizures; and assaulted by his cellmate who is a Dead Man Incorporated ("DMI") gang member. Paper No. 9.

Friedman further complains that he was transferred from MCIH to RCI on October 2, 2009, where he was briefly placed on general population and denied showers. He claims that Correctional Medical Services has not been treating him properly for his grand mal seizure disorder as he has not received the proper dosage of his medication and has experienced at least two seizures while confined at MCTC and RCI. *Id*. Friedman further alleges that he has not seen a physician for a follow-up to ankle and lumbar x-rays taken in September of 2009.[3] Friedman asks to be transferred out of the Western Region of the DOC and to be awarded punitive, monetary, and compensatory damages in the amount of $80,000.00.[4]

Plainly, Friedman has been afforded the injunctive relief he sought in his original Complaint. He was transferred out of MCTC. His Amended Complaint, raising countless claims against prison administrators and numerous medical, correctional, and religious prison staff, is far removed from his original failure-to-protect allegation. While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them or to act as

---

[3] Accompanying the Amended Complaint are copies of Friedman's administrative remedies complaining about the denial of showers, placement in an isolation cell, inmate assault, transfer from MRDCC to a Western Region DOC facility, denial of proper dose of grand mal seizure medication, denial of kosher diet, and access to cleaning materials on Sunday, instead of Saturday (the Sabbath). On November 12 and November 23, 2009, the court received correspondence from Friedman in which he seeks to supplement his claims against the DOC for the failure-to-protect, denial of religious worship, access to medical attention, guard assault (physical and sexual), and cruel and unusual punishment. Paper Nos. 8 & 9.

[4] As part of the Amended Complaint packet Plaintiff includes a two-page "Motion to Dismiss" which seemingly represents his attempt to file an opposition to Defendant's show cause response, a "Motion for More Definite Statement on Pleadings," and an "Order to Show Cause for an Injunction." Paper No. 9 at pgs. 23-24, 27-28, & 35-38.

an advocate for a *pro se* claimant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985).  Pursuant to Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Federal pleading standards were recalibrated by the Supreme Court in 2007.  In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Two weeks later the Supreme Court decided *Erickson v. Pardus,* 551 U.S. 89 (2007), taking up the issue of federal pleading standards in the context of *pro se* litigation.  In *Erickson,* the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a), but the statement need only " 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.' " *Id*. at 93.   Threadbare recitals of the elements of a cause of action, where only supported by mere conclusory statements, do not suffice. *See Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009).

Friedman's Amended Complaint shall not proceed as it fails to comport with Federal Rule pleading requirements. While the court does not which to be dismissive of his allegations, Friedman has plainly used the Amended Complaint filing to set out each and every perceived violation he experienced at four separate correctional institution over the past five months. His original failure-to-protect claim has now morphed into a diary-like reading comprised of countless First and Eighth Amendment allegations. It is not clear what claims he wishes to raise, or against whom he wishes to file suit. In sum, the pleadings fail to place potential defendants, or this court for that matter, on notice of the precise civil rights claims raised. If Friedman wishes to raise failure-to-protect, religious worship, conditions of confinement, excessive force, and medical care claims, he may file the appropriate civil actions as to each claim against those individuals involved on a personal or supervisory basis. The Court finds it appropriate to dismiss his original complaint as moot and to dismiss his amended allegations without prejudice to allow Friedman to re-file complaints in compliance with federal pleading mandates.[5] A separate Order shall be entered following the rulings set out herein.

Date: November 24, 2009.        _____/s/_____
                                DEBORAH K. CHASANOW
                                UNITED STATES DISTRICT JUDGE

---

[5] In light of this decision, Friedman's Motion for Leave to Proceed *In Forma Pauperis* shall be granted, but his Motion to Appoint Counsel shall be denied without prejudice.